Nush DRESHAJ, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 06–5638–ag.

United States Court of Appeals, Second Circuit.

July 12, 2007.

Saul C. Brown, New York, N.Y., for Petitioner.

James R. Klindt, Acting U.S. Atty.; David P. Rhodes, Asst. U.S. Atty. Deputy Chief, Appellate Division; Susan H. Rothstein–Youakim, Asst. U.S. Atty., Appellate Division, Tampa, FL, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Nush Dreshaj, a native and citizen of Albania, seeks review of a November 14, 2006 order of the BIA affirming the May 25, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Dreshaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nush Dreshaj*, No. A98 478 152 (B.I.A. Nov. 14, 2006), *aff'g* No. A98 478 152 (Immig. Ct. N.Y. City May 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin*

*v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ correctly noted numerous inconsistencies between Dreshaj's testimony and the other evidence before her. First, in his asylum application, Dreshaj stated that the police stopped him in June 2000 and confiscated supplies that he was transporting to his grocery store. Dreshaj made no mention of this incident during his direct testimony, however. Furthermore, Dreshaj's testimony that his store burned down was at odds with the claim he made in his asylum application that the store had been blown up with dynamite. Dreshaj's testimony also diverged from that of his mother, who was a witness at Dreshaj's hearing, with respect to incidents that were key to his asylum claim. While Dreshaj testified that his mother had been beaten by agents of the socialist government, his mother testified that she had been pushed not beaten. In addition, Dreshaj's mother testified that, on one occasion, both Dreshaj and his uncle had been beaten by the police to the point of losing consciousness. Dreshaj, however, maintained that his uncle had not been harmed. Finally, Dreshaj submitted into an evidence a letter from the Democratic Party in Albania which failed to corroborate Dreshaj's claim that party meetings took place at his grocery store and also stated, in contradiction to Dreshaj's own testimony, that Dreshaj had participated in election commissions. Because these discrepancies were material to Dreshaj's claim, they justify the IJ's adverse credibility determination. *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Because the only evidence of a threat to Dreshaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, because Dreshaj failed to raise his CAT claim before the BIA or in his brief to this Court, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.